J-S22009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSE EARL AUL | |
| Appellant | No. 1603 MDA 2015 |

Appeal from the PCRA Order September 3, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001237-2009

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 04, 2016**

Appellant, Jesse Earl Aul, appeals *pro se* from the September 3, 2015 order, dismissing as untimely, his fourth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.[1]

We summarize the relevant procedural history of this case as follows. On November 9, 2010, the trial court sentenced Appellant to an aggregate sentence of 62 to 172 months' imprisonment, followed by 5 years' probation, after Appellant pled guilty to one count each of aggravated indecent assault

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth elected not to file a brief in this matter.

and corruption of minors, as well as 12 counts of indecent assault.[2] Appellant filed a timely notice of appeal, and this Court affirmed on February 14, 2012. *Commonwealth v. Aul*, 46 A.3d 816 (Pa. Super. 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. Appellant filed two PCRA petitions in 2012 and one in 2013. All three petitions were dismissed by the PCRA court, and Appellant did not appeal any of the dismissal orders to this Court.

On July 22, 2015, Appellant filed the instant PCRA petition. On August 11, 2015, the PCRA court, pursuant to Pennsylvania Rule of Criminal Procedure 907, entered an order notifying Appellant of its intention to dismiss his PCRA petition without a hearing. Appellant filed a timely *pro se* response on August 28, 2015. The PCRA court entered an order on September 3, 2015, dismissing Appellant's PCRA petition as untimely. On September 17, 2015, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following two issues for our review.

> I. Did the [PCRA c]ourt err when it failed to review the timeliness claim and exception that was raised by [Appellant] in his [*pro se* response to the PCRA court's Rule 907 notice], when the [PCRA c]ourt deliberately thwarted

---

[2] 18 Pa.C.S.A. §§ 3125(b), 6301(a)(1), 3126(a)(2), and 3126(a)(7), respectively.

[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

the obvious and compelling merits of [Appellant]'s timely [PCRA] petition?

II. Did the [PCRA c]ourt err in misstating that [Appellant] utilized a judicial opinion as a newly discovered "fact" when instead he used the "fact" of his sentence becoming illegal as the newly discovered "fact" for which the [PCRA] court always retains the jurisdiction and inherent power to correct?

Appellant's Brief 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

As noted above, both of Appellant's issues on appeal address the timeliness of his instant PCRA petition, which implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883,

- 3 -

887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, *Ali v. Pennsylvania*, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 4 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

In the instant case, Appellant was sentenced on November 9, 2010, and this Court affirmed on February 14, 2012. As Appellant did not seek *allocatur* from our Supreme Court, his judgment of sentence became final on March 15, 2012, when the filing period for such a petition expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

- 5 -

expiration of time for seeking the review[]"); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]"). Appellant's fourth petition was filed on July 22, 2015, and is therefore patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[]").

However, Appellant avers that the newly-discovered fact exception applies. Appellant's Brief at 15. Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

**Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2)*.* The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted). Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have **first** been presented. *Commonwealth v. Edmiston*, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

Instantly, Appellant argues that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) satisfies the newly-discovered fact exception. Appellant acknowledges that judicial opinions are not newly-discovered facts for the purposes of Section 9545(b)(1)(ii). Appellant's Brief at 15; *see also generally Watts*, *supra* at 987. Instead, Appellant avers that Section 9545(b)(1)(ii) is satisfied by "the 'newly[-]discovered fact' of his sentence being unconstitutional, and therefore illegal in light of the Pennsylvania Supreme Court's decision in [*Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015)]." *Id.*

In our view, Appellant's alleged new fact that his sentence became unconstitutional is actually an attempt to raise an argument under the new constitutional right exception, by merely utilizing a different label. Appellant acknowledges that the "fact" of his illegal sentence stems from *Alleyne*, which is not a fact, but a judicial decision. *See Watts*, *supra*. In *Alleyne*, the Supreme Court held, as matter of federal constitutional law, "that any fact that increases the mandatory minimum is an element [of an aggravated offense] that must be submitted to the jury." *Alleyne*, *supra* at 2155 (internal quotation marks omitted). Appellant concedes in his brief that *Alleyne* does not satisfy the new constitutional right exception at Section 9545(b)(1)(iii), and he does not wish to rely on this exception. Appellant's Brief at 9-10; *see also generally Commonwealth v. Miller*, 102 A.3d 988, 994-995 (Pa. Super. 2014) (noting that Section 9545(b)(1)(iii) does not apply to *Alleyne* because neither the United States Supreme Court, nor our Supreme Court have held *Alleyne* to apply retroactively to cases on collateral review). Furthermore, *Alleyne* was filed on June 17, 2013, therefore, Appellant has not complied with the 60-day rule at Section 9545(b)(2), as the instant petition was filed on July 22, 2015, over two years after *Alleyne* was decided. Accordingly, Appellant has not carried his

burden of proving that a time-bar exception applied to his petition.[4] **See Bennett**, **supra**; **Williams**, **supra**.

Based on the foregoing, we conclude the PCRA court properly dismissed his PCRA petition as untimely filed. Accordingly, the PCRA court's September 3, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016

---

[4] Although Appellant is claiming his sentence is illegal, Appellant acknowledges that this Court may correct an illegal sentence at any time only if we have jurisdiction to do so. Appellant's Brief at 16, *quoting* **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014). In light of our conclusion as to the untimeliness of Appellant's PCRA petition, neither this Court nor the PCRA court had jurisdiction to address the merits of Appellant's petition.